UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

DAMRON LAYCOX                                                              PLAINTIFF
ADC #55182

V.                          No. 3:21-CV-00008-LPR-JTR

JOE PAGE, III, Warden
Grimes Unit, ADC, *et al.*                                              DEFENDANTS

### AMENDED ORDER[1]

Plaintiff Damron Laycox ("Laycox"), then a prisoner in the Grimes Unit of the Arkansans Division of Corrections ("ADC")[2] filed a *pro se* § 1983 Complaint alleging that Defendants violated his constitutional rights. *Doc. 2*. Before Laycox may proceed with this action, the Court must screen his claims.[3]

Laycox alleges that on July 1, 2020, while he was housed in "21 Barracks" at the ADC's Grimes Unit, he was taken captive and "severely beaten by several inmates." *Doc. 2 at 5*. Further, Laycox alleges that these inmates "held [him]

---

[1] This Order amends the Order filed on November 1, 2021 to provide the proper service address for Defendants.

[2] Laycox has since been transferred to the ADC's East Arkansas Regional Unit. *Doc. 8*.

[3] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints, and to dismiss any claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. ' 1915A(a) & (b). When making this determination, a court must accept the truth of the factual allegations contained in the complaint, and it may consider documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

captive" for nearly two weeks—from July 1, 2020 through July 12, 2020—until he was able to escape their control and contact a correctional officer. *Id.*

Laycox claims his constitutional rights were violated by Defendants Warden Joe Page, III ("Page"), Assistant Warden Kenny Davis ("Davis"), Chief of Security Lewis Young ("Young"), and ADC Director Dexter Payne ("Payne"), who failed to protect him due to inadequate staffing at the Grimes Unit.[4] *Id.* He also claims the Defendants retaliated against him after he filed grievances about the assault, by ordering him to return to general population housing, despite Laycox repeatedly informing them that he feared for his safety if placed back in general housing. *Id.* at 6-7.

*For screening purposes only*, Laycox will be ALLOWED TO PROCEED with his failure to protect and retaliation claims against Page, Davis, Young, and Payne.

IT IS THEREFORE ORDERED THAT:

1.Laycox be ALLOWED TO PROCEED with his failure to protect and retaliation claims against Defendants Page, Davis, Young, and Payne.

2.The Clerk is directed to prepare a summons for Defendants Page, Davis, Young, and Payne. The United States Marshal is directed to serve the summons,

---

[4] Laycox alleges that the assault occurred while only a single guard was tasked with watching over four barracks of prisoners, while a second guard was distracted by logging other inmates in and out of work. *Doc. 2 at 5*.

Complaint (*Doc. 2*), and this Order on them through the ADC Compliance Division without prepayment of fees and costs or security therefor.[5]

Dated this 3rd day of November, 2021.

*J. Thomas Ray*
_____
UNITED STATES MAGISTRATE JUDGE

---

[5]If any Defendant is no longer an ADC employee, the individual responding to service must provide a **sealed** statement with the unserved Defendant's last known mailing address.